**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| HAIHUA ZHOU,<br><br>*Plaintiff,*<br><br>v.<br><br>HEFEIBILUANDIANZISHANGWU YOUXIANGONGSI, doing business as GODONLIF US,<br><br>*Defendant.* | Case No. 1:26-cv-12395<br><br>**COMPLAINT FOR DESIGN PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Haihua Zhou ("Plaintiff") brings this action for design patent infringement against Defendant HEFEIBILUANDIANZISHANGWUYOUXIANGONGSI, doing business as "GODONLIF US" through its Amazon storefront ("Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1. This action arises from infringement of U.S. Design Patent No. D1,099,404 S (the "D'404 Patent"), titled "Candle Warmer Lamp," which was issued on October 21, 2025.

2. Defendant operates a commercial seller account and online storefront on Amazon through which Defendant offers to sell and sells candle warmer lamps that embody the ornamental design claimed in the D'404 Patent or are colorable imitations of that design. Defendant also imports and/or causes such products to be imported into the United States. Such unlawful activities are occurring throughout the United States and, in particular, in this District.

3. Plaintiff seeks injunctive relief, damages, costs, interest, reasonable attorney fees, Defendant's total profit, and other relief available at law or in equity.

## THE PARTIES

4. Plaintiff is the applicant for and inventor of the D’404 Patent and is the owner of all right, title, and interest in and to the D’404 Patent, including the right to sue and to recover for past and ongoing infringement.

5. Upon information and belief, Defendant is a business entity organized under the laws of China and operates the Amazon storefront “GODONLIF US” (Seller ID: A2UI7CVMQD0FUA). Its Amazon seller profile identifies its business name as “hefeibiluandianzishangwuyouxiangongsi,” and its business address is displayed as Room 906, Building C, Zhonghuan Science and Technology Center, No. 139 Guniujiang Road, Feihe Town, Baohe District, Hefei, Anhui, 230051, China.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

7. This Court has personal jurisdiction over Defendant because Defendant purposefully directed infringing sales and offers for sale into the United States, including Illinois, through Amazon.com and accepted orders of the infringing products for shipment to a consumer address in this District. Defendant has intentionally placed its infringing products into the stream of commerce through an established national marketplace expecting them to be shipped into and purchased by customers in this District. Exercise of jurisdiction comports with the traditional notions of fair play and substantial justice.

8. In the alternative, to the extent Defendant is not subject to jurisdiction in any state’s courts of general jurisdiction, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2). The claim arises under federal law, and Defendant’s deliberate commercial

activity involving the infringing products in the United States provides the requisite contacts with the United States as a whole. Exercising jurisdiction on that basis is consistent with the United States Constitution and laws.

9. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District. Defendant has committed acts of infringement directed to this District and has directed its business activities toward this District by offering to sell, selling, and shipping the infringing products to this District.

10. Venue is also proper in this District under 28 U.S.C. § 1391(c)(3) because Defendant is a foreign entity not resident in the United States and therefore may be sued in any judicial district.

**FACTUAL BACKGROUND**

11. The United States Patent and Trademark Office lawfully issued the D’404 Patent on October 21, 2025. A true copy of the D’404 Patent is attached as Exhibit 1. The patent claims the ornamental design for a candle warmer lamp as shown and described therein.

12. Defendant advertises, offers to sell, and sells candle warmer lamp products under the “GODONLIF” brand in nine color configurations identified in Exhibit 2 (the “Accused Products”).

13. The Accused Products embody an overall ornamental design that Plaintiff alleges is substantially similar to the design claimed in the D’404 Patent, including similarities in the overall configuration, proportions, contours, and ornamental appearance of the claimed design as a whole. A chart comparing the patented design with each Accused Product is attached as Exhibit 3.

14. In the eye of an ordinary observer familiar with the prior art, each Accused Product

is substantially the same as, or is a colorable imitation of, the design claimed in the D’404 Patent, such that the resemblance would deceive such an observer, inducing the observer to purchase an Accused Product supposing it to embody the patented design.

15. Differences in color, material or finish, lighting, and features corresponding to portions shown in broken lines in the D’404 Patent do not alter the substantial similarity of the claimed overall designs.

16. Plaintiff has preserved Amazon product listings, seller profile information, and test-purchase evidence documenting orders of the Accused Products sold by Defendant for shipment to Chicago, Illinois 60661.

17. Defendant is not authorized or licensed by Plaintiff to make, use, advertise, sell, offer to sell, or import products embodying the design claimed in the D’404 Patent or any colorable imitation thereof.

**COUNT I: INFRINGEMENT OF THE D’404 PATENT**

18. Plaintiff realleges and incorporates by reference the preceding paragraphs as though fully set forth herein.

19. Defendant has infringed and continues to infringe the D’404 Patent under 35 U.S.C. § 271 by, among other things, offering to sell and selling the Accused Products in the United States and importing the Accused Products into the United States, all without authority or license from Plaintiff.

20. Defendant’s infringing conduct has caused and will continue to cause Plaintiff irreparable harm unless enjoined. Plaintiff has no adequate remedy at law. Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

21. Plaintiff is also entitled to damages adequate to compensate for Defendant’s

infringement under 35 U.S.C. § 284 or, alternatively, to Defendant's total profit under 35 U.S.C. § 289. Plaintiff further seeks reasonable attorney fees and costs under 35 U.S.C. § 285 to the extent this case is determined to be exceptional.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Enter judgment that Defendant has infringed the D'404 Patent;

B. Preliminarily and permanently enjoin Defendant and all persons acting in active concert or participation with it from any further infringement of the D'404 Patent—including without limitation making, using, selling, offering to sell, importing, advertising, promoting, distributing, or transferring any product that infringes the D'404 Patent, including products that are not more than colorably different from the adjudicated infringing products and that fall within the scope of the D'404 Patent;

C. Order Defendant and the Amazon marketplace to remove or disable listings for products found to infringe the D'404 Patent and to take such other steps as are necessary to effectuate the Court's injunctive relief;

D. Award Plaintiff damages adequate to compensate for infringement under 35 U.S.C. § 284 or, in the alternative, Defendant's total profit under 35 U.S.C. § 289;

E. Award Plaintiff enhanced damages pursuant to 35 U.S.C. § 284 to the extent permitted by law;

F. Declare this case exceptional and award Plaintiff its reasonable attorney fees and costs under 35 U.S.C. § 285;

G. Award Plaintiff interest on all damages awarded; and

H. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 9, 2026.

**THE LAW OFFICE OF X. LYU, PLLC**

By: */s/ Xintong Lyu*

Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing New York 11354
(212) 812-8253
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
(212) 812-8253
jwang@lyulawpllc.com