**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

HAIHUA ZHOU

Plaintiff,

v.

Case No.: 1:26−cv−12395
Honorable Franklin U. Valderrama

HEFEIBILUANDIANZISHANGWUYOUXIANGONGSI

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, October 13, 2026:

MINUTE entry before the Honorable Franklin U. Valderrama: Plaintiff's ex parte motion for TRO [7] is granted as to limited expedited discovery to obtain information to identify Defendant and denied without prejudice in all other respects. Federal Rule 65(b) instructs that a temporary restraining order should only be issued without notice to the other party if (1) "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b). The Seventh Circuit has recognized that "[e]x parte temporary restraining orders are most familiar to courts where notice to the adversary party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984); see Fed. R. Civ. P. 65(b). Even if notice can be provided, an exception is provided for the "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless the further prosecution of the action." Mansukhani, 742 F.2d at 322. Here, the adverse party is known and identified on the public docket. Indeed, Plaintiff's complaint [1] identifies the name of the Chinese corporate entity, as well as its principal places of business, and alias used on its Amazon.com storefront. True, Plaintiff submitted a declaration in this action in which Plaintiff states that Plaintiff has "no means to confirming who stands behind" Defendant's company name or Chinese address. R. [8−1] para. 10. Without a declaration from Plaintiff's counsel, however, Rule 65(b) is not satisfied; moreover, without any authority from Plaintiff as to why the Chinese address is not sufficient to be able to provide notice to Defendant, the Court finds that Plaintiff has not demonstrated that notice should not be required based on the information currently in Plaintiff's possession. See, e.g., oGorgeous Inc. v. jian ou shi ku lei xi mao yi you xian gong si et al, 25−cv−06194 Dkt. 11 (N.D. Ill. July 11, 2026) (denying ex parte TRO motion where the complaint included similar identifying information for defendants). The Court therefore finds that Plaintiff has not shown that notice to Defendant is impossible because its identities are unknown or

because Defendant cannot be located in time for a hearing. Plaintiff's request for an ex parte TRO is therefore denied. Regarding Plaintiff's request for expedited discovery, Plaintiff must submit a proposed order concerning expedited discovery to Proposed_Order_Valderrama@ilnd.uscourts.gov by 10/15/2026. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.