**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HAIHUA ZHOU,

*Plaintiff*,

v.

HEFEIBILUANDIANZISHANGWU YOUXIANGONGSI, doing business as GODONLIF US,

*Defendant*.

Case No. 1:26-cv-12395

**JURY TRIAL DEMANDED**

**ORDER GRANTING LIMITED EXPEDITED DISCOVERY**

This Order implements the Court's October 13, 2026 minute entry (Dkt. 9), which granted Plaintiff's motion (Dkt. 7) solely as to limited expedited discovery to obtain information to identify Defendant and denied the remaining relief without prejudice.

**IT IS THEREFORE ORDERED as follows:**

1. Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Haihua Zhou may serve document subpoenas under Rule 45 on Amazon.com, Inc. and any Amazon entity maintaining seller-account records for the GODONLIF US storefront, Seller ID A2UI7CVMQD0FUA, before the parties confer under Rule 26(f). Discovery is limited to confirming Defendant's identity and obtaining information necessary to locate and contact Defendant.

2. The subpoenas may seek only existing, nonprivileged documents and electronically stored information sufficient to show:

(a) Defendant's full legal business name, including its name in Chinese characters

and any English name, business-registration number, and business license;

(b) Defendant's current and most recently verified physical business address, registered address, mailing address, email addresses, and telephone numbers;

(c) The names and contact information supplied for the account holder, Defendant's legal representative, and the primary contact and persons authorized to administer the identified seller account on Defendant's behalf; and

(d) Account-registration, identity-verification, and address-verification records, including relevant updates, supporting the identity and contact information described above.

3. Each subpoena shall include a copy of this Order and may require production within fourteen (14) days after service, subject to timely objections and any extension agreed in writing or ordered by the Court. No shorter response period is authorized without the recipient's agreement or further court order.

4. Plaintiff shall comply with Rule 45, including the advance notice and copy requirements of Rule 45(a)(4) and the place-of-compliance limitations of Rule 45(c). Recipients retain their rights to object, assert privilege, and seek a protective order or to quash or modify a subpoena. Timely objections shall be addressed under Rule 45(d)(2)(B); this Order does not compel production over an unresolved objection.

5. Unrelated personal information, personal identification-document numbers, dates of birth, and financial-account numbers may be redacted, provided that responsive names, business-registration identifiers, and contact information remain legible. Information obtained under this Order may be used only in this action. Any public filing shall comply with Rule 5.2; this Order does not authorize filing under seal.

6. Plaintiff shall provide Defendant notice of this Order no later than seven (7) days after its issuance. This Order does not authorize alternative service of the summons and complaint.

7. No asset balances, sales or transaction histories, or merits discovery are authorized. Additional discovery, including discovery from other third parties, requires further leave of Court. This Order does not freeze assets, remove listings, restrict Defendant's business, or otherwise grant injunctive relief. The denial without prejudice of the remaining relief requested in Dkt. 7 remains in effect.

**IT IS SO ORDERED.**

Dated: October 15, 2026

United States District Judge
Franklin U. Valderrama