**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

HAIHUA ZHOU,

*Plaintiff*,

v.

HEFEIBILUANDIANZISHANGWU YOUXIANGONGSI, doing business as GODONLIF US,

*Defendant*.

Case No. 1:26-cv-12395

**JURY TRIAL DEMANDED**

Hon. Franklin U. Valderrama
Magistrate Judge Laura K. McNally

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FRO PROTECTIVE ORDER**

## I. INTRODUCTION

Plaintiff Haihua Zhou ("Plaintiff"), through undersigned counsel, respectfully submits this opposition to the motion for a protective order filed by Defendant HEFEIBILUANDIANZISHANGWUYOUXIANGONGSI, doing business as GODONLIF US ("Defendant").

Defendant's counsel, Jianyin Liu ("Liu"), appeared eight days after the Complaint was filed, before Plaintiff's legal team had served Defendant or otherwise provided notice of this action. In subsequent correspondence, Liu confirmed that he had appeared in the correct case but did not explain how Defendant learned of the action or identify who referred the matter to him. Those unresolved questions, considered together with Liu's documented participation in *Wan v. The Defendants Identified on Schedule A*, No. 1:26-cv-05235 (N.D. Ill.), and Amazon's reported concerns about litigation-related releases of seller funds, heightened Plaintiff's concerns about possible collusion or the involvement of an undisclosed intermediary.

In *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-05593 (N.D. Ill.), Amazon reported concerns that third-party service providers might be using litigation to obtain seller funds previously restricted for reasons unrelated to the asserted claims. In *Wan*, Liu represented defendants who jointly sought a consent judgment directing transfers from Amazon accounts. Amazon subsequently secured a stay of the transfer directive, and the court required a status report addressing the *NextClimb* proceedings and proposed next steps. These circumstances provide a concrete basis for a focused inquiry into whether this action has a connection to the practices Amazon described.

Defendant's motion rests in substantial part on the mistaken premise that facts concerning notice of this action and referral to counsel are categorically privileged. Plaintiff seeks

nonprivileged information concerning how Defendant learned of this action, who referred the matter to counsel, and whether an intermediary arranged the representation. The attorney-client privilege protects confidential communications but does not shield the underlying facts from otherwise permissible discovery. The Seventh Circuit has specifically held that referral information falls outside the privilege when it is incidental to the representation and reveals no confidential motive for seeking legal assistance. Defendant's categorical characterization cannot substitute for an examination of the particular information sought.

Plaintiff accordingly requests that the Court deny the motion as drafted and determine whether the documented circumstances warrant a limited inquiry into notice, referral, and any intermediary's involvement. Any authorized inquiry can proceed through counsel of record, subject to the governing discovery rules, a defined scope, and particularized privilege objections. This process would permit Plaintiff to obtain facts that could substantiate or dispel the identified concerns while protecting privileged communications and ensuring the orderly progress of this action.

## II. FACTUAL BACKGROUND

### A. Amazon's Reported Concerns in *NextClimb*.

In *NextClimb Investments, LLC v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 1:26-cv-05593 (N.D. Ill.), Amazon.com, Inc. ("Amazon") sought to stay an order directing the transfer of seller funds to the plaintiff's counsel after its compliance review raised concerns about the use of Schedule A litigation to obtain funds previously restricted for unrelated reasons. Declaration of Zhiyu Liang ("Liang Decl.") ¶¶ 15–16 & Ex. 6 at 1–2, 4. Amazon's motion, dated August 26, 2026, reported an ongoing investigation into whether third-party service providers were using litigation to secure the release of such funds, including funds

frozen in unrelated litigation. *Id*. Amazon raised concerns that the parties to the action were colluding to abuse the litigation process and secure the release of those funds from Amazon. *Id*.

Amazon also reported that the potentially affected proceedings extended beyond *NextClimb* and its counsel to other plaintiffs and at least four other plaintiff-side law firms. It identified at least sixteen *NextClimb* actions filed in this District between March and July 2026 and reported information from attorney Martin Trainor that orders in at least four cases directed transfers totaling $4,667,593.57 from 435 seller accounts. Liang Decl. ¶¶ 16–17 & Ex. 6 at 6. In the particular *NextClimb* action, Amazon stated that $711,529.44 had been debited from 100 seller accounts but remained under Amazon's control and had not been transferred to the plaintiff's counsel. *Id*., Ex. 6 at 9.

Meanwhile, Amazon has sought judicial intervention in dozens of actions in this District involving Chinese natural persons and entities and has requested further investigation into whether the parties colluded to abuse the litigation process and secure the release of those funds. *See, e.g., Shenzhen Zhipai Network Technology Co., Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07833 (N.D. Ill. 2026); *Zhang v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07495 (N.D. Ill. 2026); *Cong v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07445 (N.D. Ill. 2026); *Lin v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-07265 (N.D. Ill. 2026); *Maimaitiaizezi v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-06208 (N.D. Ill. 2026); *Liu v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-06142 (N.D. Ill. 2026); *Chen v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 1:26-cv-05339 (N.D. Ill. 2026).

The broad impact of these proceedings extends to every action involving Chinese parties and counsel and underscores the need for careful internal investigation before further action is taken.

### B. Jianyin Liu's Appearance in This Case and the Circumstances Raising Those Concerns.

Plaintiff filed this design-patent action on October 9, 2026. Jianyin Liu entered an appearance for Defendant on October 17, 2026, eight days later. Dkt. 12. At the time of Liu's appearance, Plaintiff's legal team had neither effected service on Defendant nor otherwise provided Defendant with notice of the action. Declaration of Jian Wang ("Wang Decl.") ¶ 7; Liang Decl. ¶ 3.

The Court's October 15, 2026 order authorized limited expedited discovery to confirm Defendant's identity and obtain information necessary to locate and contact it. Wang Decl. ¶ 2; Dkt. 10 ¶¶ 1–2. After receiving the order, Plaintiff issued and served an Amazon subpoena dated October 16, 2026. Plaintiff received Amazon's response and production on October 19, two days after Liu's appearance. Wang Decl. ¶¶ 3–4 & Ex. 1. The production concerned Seller ID A2UI7CVMQD0FUA and identified "Jiafeng Zhu" as the contact, with an address at Unit 1705, Building 6, Jinxiu Haoting, No. 327 Mingguang Road, Hefei, Anhui Province, China 230000. *Id.* ¶ 5. Based on the address's identification of an apartment unit within a numbered building, it is reasonably understood the location to be a private residential apartment. *Id.* ¶ 6.

Those circumstances prompted Plaintiff's legal team to ask how Defendant had learned of the action and retained Liu before receiving notice from Plaintiff. Wang Decl. ¶¶ 7–9. Beginning on October 22, Plaintiff's legal team corresponded with Liu concerning service and the circumstances of his appearance. Liang Decl. ¶¶ 3–4; Wang Decl. ¶ 9. Liu did not explain how Defendant learned of the action or came to retain him. *Id.*

On October 23, Plaintiff's legal team contacted Thomas Holt and Jeremy Buxbaum of Kilpatrick Townsend & Stockton LLP ("Kilpatrick"), which represented Amazon in proceedings involving parties suspected of colluding to abuse the litigation process and secure the release of those funds. The team transmitted a letter and supporting records requesting review of a possible connection between this action and the concerns Amazon had raised regarding litigation-related releases of seller funds. Liang Decl. ¶ 6 & Exs. 2-3. The letter requested preservation of relevant records and consideration of appropriate participation by Amazon. *Id*. ¶ 7 & Ex. 3. Holt responded that Kilpatrick had reviewed the letter and had an initial question before sharing the matter with Amazon: "Who referred this matter to your firm?" *Id*. ¶ 8 & Ex. 2.

On October 27, Plaintiff renewed the inquiry to Liu and expressly requested the identity of the person who had referred the matter to him. Liang Decl. ¶ 5 & Ex. 1 at 4. Liu responded, "I don't have to tell you why I appeared," and directed Plaintiff's team to raise the issue by motion. *Id*. Plaintiff raised concerns about suspected collusion, and Liu characterized the inquiries as harassment and invoked attorney-client privilege. *Id*., Ex. 1 at 3-4. Plaintiff then expressly clarified that they sought nonprivileged facts underlying the circumstances of the appearance, rather than privileged attorney-client communications. *Id*., Ex. 1 at 3. Although Liu sent several responses, the correspondence contains no substantive explanation of how Defendant learned of the action and retained him or who referred the matter. Wang Decl. ¶¶ 9–10; Liang Decl. ¶ 5 & Ex. 1.

In October 22 and October 27 correspondence, Zhiyu Liang stated that he would file his own appearance "in due course." Liang Decl., Ex. 1 at 1, 4. Defendant filed the present motion on October 27. Dkt. 13. It seeks to prohibit further informal demands on these subjects, require any permissible requests to proceed through formal discovery, and restrict communications from Plaintiff's side to counsel of record. *Id*. at 1, 4.

### C. The Documented *Wan* Proceedings Involving Jianyin Liu.

Plaintiff's concerns also arose from the documented proceedings in *Wan v. The Defendants Identified on Schedule A*, No. 1:26-cv-05235 (N.D. Ill.), in which Liu represented defendants. On July 8, 2026, the court denied the plaintiff's motion for entry of default and default judgment without prejudice, requiring further support concerning service of process and personal jurisdiction. Liang Decl. ¶ 10 & Ex. 4. Seven days later, on July 15, Liu appeared for 24 named defendants. *Id.* ¶ 11 & Ex. 4. On July 31, sixteen days after his appearance, the parties filed a joint motion to approve a consent judgment. *Id.*

Paragraph 2 of the joint motion requested payment of the listed settlement amounts through Amazon's direct transfer of balances remaining in the defendants' accounts to the account designated in Attachment 1. Liang Decl. ¶ 12 & Ex. 5 at 2-3. The 24 listed amounts totaled $303,000, and Attachment 1 identified Alioth Law P.C. as the beneficiary. *Id.* On August 3, the court granted the joint motion and entered a consent judgment. *Id.* ¶ 13 & Ex. 4.

On October 2, Kilpatrick attorneys appeared for Amazon as movant, and Amazon sought a stay of the transfer order. Liang Decl. ¶ 13 & Ex. 4. On October 9, the court granted the motion and stayed its directive that Amazon transfer funds until further order. *Id.* It also required a November 4 joint status report addressing the *NextClimb* proceedings and proposed next steps in *Wan*. *Id.* Plaintiff identified this sequence, including Amazon's successful request to stay the transfers, as a basis for further inquiry when considered with the unanswered questions concerning Liu's appearance here. *Id.* ¶ 14.

### D. The Necessity for Limited Discovery Before This Action Proceeds.

The correspondences between parties identify the factual questions Plaintiff seeks to resolve: how Defendant and Liu learned of this action before Plaintiff's team provided notice, how

Defendant came to retain Liu, who referred the matter to him, and whether an undisclosed intermediary was involved. Liang Decl. ¶¶ 19–20; Wang Decl. ¶¶ 9–10. Plaintiff's October 23 letter also asked Amazon to determine whether it had sent any case-related notice before Liu appeared and whether relevant account or intermediary identifiers overlapped with matters already under review. Liang Decl., Ex. 3 at 3.

That letter acknowledged that an appearance before service, or knowledge of a public filing through a third party, does not itself establish misconduct. Liang Decl., Ex. 3 at 2. It also acknowledged that Plaintiff had not established that Defendant's account was independently restrained or overlapped with accounts in *Wan* or *NextClimb*, that any intermediary had arranged the case, or that any party had proposed a transfer of its funds. *Id*. The inquiry sought facts that could substantiate or dispel the concern that this action might be used to obtain an improper release of Amazon funds. Wang Decl. ¶ 10; Liang Decl. ¶¶ 7, 19–20.

The October 13, 2026 proceedings in *Haibao Wang v. The Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 26-cv-5714 (N.D. Ill.), further informed Plaintiff's legal team concerns. There, plaintiff's counsel described a China-based e-commerce service provider acting as an intermediary between her firm and individual plaintiffs and supplying information and settlement terms. Liang Decl., Ex. 7, Tr. 13:1–17, 23–25; 14:1–9. Judge Andrea R. Wood expressly emphasized counsel's responsibility for the action they represented, explaining that:

> "I will say, though, that as counsel of record and the person who puts their name on documents that are filed with the Court, there is a certain responsibility that goes along with that. And perhaps the client is doing things without the knowledge of counsel and may be just utilizing counsel as a way to get documents filed in Court, but, as a member of the bar of this Court and somebody who has obligations under Rule 11 of the Federal Rules of Civil Procedure, an attorney has to take some responsibility if they are filing documents that may be improper in one way or another."

*Id.*, Tr. 14:15–24.

The existing discovery order in this case is limited to identity and contact information and expressly requires further leave of Court for additional discovery. Dkt. 10 ¶¶ 1–2, 7; Wang Decl., Ex. 1. Defendant likewise acknowledges that no formal discovery has occurred on the disputed subjects and states that its requested order would preserve legitimate discovery pursued through proper channels. Dkt. 13 at 4. Against this record, Plaintiff seeks limited discovery, subject to the Court's authorization, into the nonprivileged facts concerning notice, referral, and any intermediary's involvement. The purpose is to resolve the identified questions and determine whether the concerns are supported before this action proceeds further. Liang Decl. ¶¶ 19–20; Wang Decl. ¶ 10.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c)(1) permits a protective order for good cause to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. *See* Fed. Civ. R. P. 26(c)(1). The party seeking protection bears the burden of establishing good cause, and the Court must independently determine whether that requirement has been satisfied. *Jepson, Inc. v. Makita Elec. Works, Ltd.*, 30 F.3d 854, 858f (7th Cir. 1994). The showing must rest on specific facts rather than conclusory assertions. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981). The Rule permits the Court to address a demonstrated concern by prescribing discovery procedures or limiting particular subjects, as well as by prohibiting disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)–(D).

A motion seeking protection against discovery must include a certification of the movant's good-faith efforts to resolve the dispute without court action. Fed. R. Civ. P. 26(c)(1). For discovery motions, Local Rule 37.2 additionally requires a statement describing consultation in

person or by telephone, or unsuccessful efforts to arrange such consultation through no fault of counsel. *See* N.D. Ill. L.R. 37.2.

The attorney-client privilege protects confidential communications between attorney and client "made in order to obtain legal assistance." *United States v. Leonard-Allen*, 739 F.3d 948, 952 (7th Cir. 2013). It does not shield underlying facts from discovery merely because those facts were communicated to counsel. *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981) ("[T]he protection of the privilege extends only to communications and not to facts." (quoting *Diversified Industries, Inc. v. Meredith*, 572 F.2d 596, 611 (8th Cir. 1978))). The party asserting the privilege must establish its essential elements, including confidentiality and a legal-advice purpose. *United States v. BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). A blanket assertion that fails to identify the information protected is insufficient. *United States v. White*, 970 F.2d 328, 334 (7th Cir. 1992).

## IV. ARGUMENT

### A. Plaintiff Seeks Information That Does Not Fall Within the Attorney-Client Privilege.

Defendant's motion rests on an overbroad conception of the attorney-client privilege. It characterizes the source of a referral, the circumstances of retention, and a client's knowledge of pending litigation as "classic subjects of privileged communications." Dkt. 13 at 3. But identifying a subject on which attorney and client may communicate does not establish that every fact concerning that subject is privileged. The privilege protects confidential communications seeking or providing legal assistance; it does not place the underlying events beyond inquiry. *Upjohn*, 449 U.S. at 395–96. Plaintiff seeks objective facts concerning when and how Defendant learned of this action and whether a third party referred the matter or arranged the representation. Liang Decl. ¶¶ 5, 19–20; Wang Decl. ¶¶ 9–10.

The Seventh Circuit has expressly held that referral information can fall outside the attorney-client privilege. In *Leonard-Allen*, the court held that a client's identification of the person who referred her to counsel was not privileged because the information was incidental to the representation and revealed no confidential motive for seeking legal assistance. 739 F.3d at 953. The fact that the client supplied the information on counsel's intake form did not change that conclusion. *Id*. Here, Plaintiff's request to identify the referring person presents the same distinction between an objective fact about the referral and the substance of legal advice.

Defendant bears the burden of establishing the privilege's essential elements, including confidentiality and a legal-advice purpose. *BDO Seidman*, 337 F.3d 802, 811 (7th Cir. 2003). "A blanket claim of privilege that does not specify what information is protected will not suffice." *White*, 970 F.2d at 334. The motion does not explain how identifying a nonprivileged source of notice or referral would reveal legal advice or a confidential reason for seeking counsel. Such circumstances can arise, and a particularized objection must remain available if disclosure would reveal a protected communication or confidential motive. *BDO Seidman*, 337 F.3d at 811–12. That possibility warrants examining the particular information requested; it does not establish privilege over the entire subject.

The inquiry can therefore be confined to dates, nonprivileged sources of notice, and the identity and role of any referring intermediary, with express exclusions for legal advice, litigation strategy, and protected communications. Plaintiff's clarification in the correspondence expressly sought nonprivileged information. Liang Decl. ¶ 5 & Ex. 1 at 3. Although nonprivileged status does not itself require an answer to informal emails, it defeats Defendant's premise that these subjects necessarily invade the attorney-client relationship. Their permissible scope and method of disclosure should be determined through an appropriately authorized process.

### B. Jianyin Liu's Appearance Without Notice from Plaintiff Raises Concerns Warranting Limited Inquiry.

The chronology presents a factual question that remains unresolved. Plaintiff filed this action on October 9, 2026, and Liu appeared for Defendant on October 17, eight days later. Dkt. 12; Wang Decl. ¶ 7. Plaintiff's legal team had neither served Defendant nor otherwise provided notice before that appearance. Wang Decl. ¶ 7; Liang Decl. ¶ 3. Plaintiff had issued the Amazon subpoena dated October 16, but did not receive Amazon's identifying information until October 19, two days after Liu appeared. Wang Decl. ¶¶ 3–4. The question is what source supplied Defendant or counsel with notice before the October 17 appearance and whether any intermediary arranged the referral.

The timing assumes significance in light of Liu's documented representation in *Wan*, where a consent judgment requested direct transfers from Amazon accounts and Amazon later obtained a stay tied expressly to the *NextClimb* proceedings. Liang Decl. ¶¶ 9–14 & Ex. 4. Plaintiff's concern thus rests on a specific proceeding involving the same counsel and the fund-transfer mechanism Amazon has questioned. Before proceeding further, Plaintiff has a responsibility to conduct a reasonable inquiry into these circumstances to ensure that this action is pursued for a legitimate purpose and is not being used to facilitate collusion between the parties.

Liu confirmed that he had appeared in the correct case and declined to waive or accept service, but did not explain the source of notice or referral. Liang Decl. ¶¶ 4–5 &; Wang Decl. ¶ 9. His decision not to answer informal inquiries is not proof of collusion or a waiver of privilege. It simply leaves the factual question unresolved. A limited, supervised inquiry can resolve that question without conditioning Defendant's representation on counsel's willingness to answer informal demands.

### C. Similarities to the Actions Under Amazon's Investigation Warrant Plaintiff's Internal Investigation Before Further Proceedings.

Amazon's reported concerns provide a concrete reason to examine whether an intermediary has influenced the origins or conduct of this action. In *NextClimb*, Amazon described possible use of Schedule A litigation to obtain seller funds restricted for reasons unrelated to the asserted claims. Liang Decl. ¶¶ 15–16 & Ex. 6 at 1–2, 4. It identified unusual patterns of representation and settlement, including an appearance and settlement verification on the same day in another action, and reported potentially similar activity involving other plaintiffs and at least four additional plaintiff-side firms. *Id.*, Ex. 6 at 6–7. Those reports make the source of a referral relevant to evaluating a possible connection.

The *Wan* record supplies the particular connection here. After the court denied default judgment without prejudice on July 8, Liu appeared for 24 defendants on July 15. Liang Decl. ¶¶ 10-11 & Ex. 4. Sixteen days later, the parties sought a consent judgment directing Amazon to transfer listed settlement amounts totaling $303,000 to a designated account identifying Alioth Law P.C. as beneficiary. *Id.* ¶¶ 10–12 & Ex. 5 at 2–3, 5. The material point is that Liu participated in a proceeding involving the same kind of direct transfer from Amazon accounts that later prompted Amazon's request for judicial review. *Id.* ¶ 13 & Ex. 4 at 8. On October 9, the *Wan* court stayed the transfer directive and required a joint report addressing *NextClimb* and proposed next steps. *Id.*

These circumstances support investigation into a possible connection. Plaintiff's October 23 letter acknowledged that it had not established an independent restraint on Defendant's account, an overlap with accounts in *Wan* or *NextClimb*, an intermediary's arrangement of this case, or a proposed transfer of Defendant's funds. Liang Decl., Ex. 3 at 2. Those gaps define the limits of

the present request. The immediate inquiry should therefore address how Defendant learned of this action and how the matter was referred to its counsel.

This inquiry is consistent with counsel's responsibility to conduct a reasonable factual inquiry before making representations to the Court. Fed. R. Civ. P. 11(b). The proceedings in *Haibao Wang* illustrate the concern: counsel described an e-commerce intermediary supplying information and settlement terms, and Judge Wood emphasized counsel's responsibility for documents filed in court. Liang Decl., Ex. 7, Tr. 13:1–17, 23–25; 14:1–9, 15–24. That responsibility to the Court supports careful verification before making further representations concerning any proposed disposition of this action, given the concerns about possible collusion between the parties.

Finally, the Court has inherent authority to investigate whether its proceedings have been affected by fraud. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991). "[The] Court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud." *Id*. Plaintiff therefore asks the Court first to determine whether the documented circumstances warrant a limited inquiry into the integrity of these proceedings and, if so, to define its scope, method, and timing. Plaintiff's internal review can proceed within the Court's schedule, with any change to existing obligations subject to further order.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion for a protective order as drafted and determine whether the documented circumstances warrant a limited inquiry into the nonprivileged facts concerning Defendant's notice of this action, the referral to counsel, and any intermediary's involvement.

Dated: October 28, 2026.

**ANJIE BROAD LAW FIRM**

By: */s/ Zhiyu Liang*
Zhiyu Liang (*Pro Hac Vice*)
14th Floor, North Tower, Beijing Kerry Centre
No. 1 Guanghua Road
Chaoyang District, Beijing 100020, China
Phone: +86 (10) 8567-5988
Email: liangzhiyu@anjielaw.com

**THE LAW OFFICE OF X. LYU, PLLC**

Xintong Lyu, NYSBA No. 6253975
36-36 Prince St., Ste 309A
Flushing New York 11354
(212) 812-8253
catherine.lyu@lyulawpllc.com

Jian Wang, NYSBA No. 6315865
36-36 Prince St., Ste 309A
Flushing, New York 11354
(212) 812-8253
jwang@lyulawpllc.com

*Attorneys for Plaintiff Haihua Zhou*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 28, 2026, the foregoing document was filed electronically with the Clerk of the Court for the United States District Court for the Northern District of Illinois using the Court's Electronic Case Filing System, which will send notification to all attorneys of record in this case.

I certify that all parties in this case are represented by counsel who are CM/ECF participants.

By: */s/ Zhiyu Liang*
Zhiyu Liang